### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

**JESSIE HOFFMAN, #400473**                **CIVIL ACTION NO.  09-3041**

**VERSUS**                                              **SECTION "B"**

**BURL CAIN, WARDEN**                      **MAGISTRATE (1)**

<u>**MEMORANDUM REGARDING ISSUE OF EVIDENTIARY HEARING**</u>

**MAY IT PLEASE THE COURT**:

Walter P. Reed, District Attorney for St. Tammany Parish, State of Louisiana, files this Memorandum pursuant to the Order of this Court in order to address the issue of whether an evidentiary hearing should be held herein.

The State submits that both sides were able to fully develop and present evidence on all claims at issue herein, except Claims II and III, which are the two claims that the State has argued remain unexhausted as a result of the filing of these claims after the evidentiary hearing and after the district court had taken the other claims under advisement.  There is certainly no basis for an evidentiary hearing on the claims for which evidence was developed and presented to the state court.  The State has argued in a separate filing that this action should be stayed to allow petitioner to proceed with the two unexhausted claims in state

court.  However, in the event this Court deems these two claims to be exhausted, the State submits that petitioner is not entitled to an evidentiary hearing herein.

Under the AEDPA, requests for evidentiary hearings are to be evaluated under the provisions of subsection 28 U.S.C. 2254(e)(2). Where the habeas petitioner has failed to develop the factual basis of his claim due to his lack of diligence, he is only entitled to an evidentiary hearing if the applicant can show (1) that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and (2) the facts underlying the claim are "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). These exceptions, however, are only applicable when the failure to develop the factual basis is a result of the petitioner's lack of diligence. Murphy v. Johnson, 205 F.3d 809, 815 (5th Cir. 2000). Where the failure to develop the factual basis of the claim in state court is not due to the petitioner's actions, the district court retains discretion over the decision to grant an evidentiary hearing. Murphy, 205 F.3d at 815.

While this Court has discretion over whether it desires an evidentiary hearing on any issues herein, the State submits that petitioner is not entitled to an evidentiary hearing on claims II and III herein due to his lack of diligence.  The state court conducted extensive post conviction proceedings in this action.  Depositions and evidentiary hearings were conducted by the state court in an effort to fully address each of petitioner's claims herein.  The bulk

of the claims were presented in the October 20, 2006 amended petition filed with the state court.  However, neither claim II nor claim III asserted herein were presented to the state court in that filing.  An evidentiary hearing was held by the state court on January 8, 2007, and at the end of that hearing, there was an extensive discussion regarding the filing of depositions and memoranda, but no mention that any additional claims would be forthcoming.  However, several months after the state court had taken the issues pending before it under advisement, on April 17, 2007, petitioner filed an Amendment to Supplemental Petition for Post Conviction Relief and Motion for Evidentiary Hearing.  Less than two weeks later, on May 1, 2007, the state district court issued judgment addressing the claims presented to it in the October 20, 2006 petition and the January 8, 2007 hearing.  The judgment was silent as to the April 17, 2007 filing and the two new claims asserted therein.  However, petitioner never brought the new claims to the attention of the state court, and it is this lack of diligence that the State submits forecloses any right to an evidentiary hearing herein.

While petitioner has argued herein the fault of the state court in failing to address these claims, it was petitioner who failed to take any action to bring the state court's attention to the new claims.  In state court, pleadings are not ordinarily directed to the judge unless the mover files an order seeking a hearing date, which places the matter on the court's docket. The fact that petitions, motions or applications are filed does not mean a judge is made aware of the filing.  When petitioner filed the Amendment on April 17, 2007 raising these two new claims, although a motion was included requesting a hearing, no order was submitted with

the filing, and accordingly, no hearing was scheduled on the court's docket. Petitioner could have submitted an order requesting a hearing with the state court on these new claims, but failed to do so.

For the foregoing reasons, the State of Louisiana submits that no evidentiary hearing is required herein, and this Court may decide these issues on the basis of the evidence presented to the state court.

Respectfully submitted:

By:     s/Kathryn Landry
        KATHRYN LANDRY, Bar No. 19229
        P. O. Box 82659
        Baton Rouge, LA 70884
        Telephone: (225) 766-0023
        Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum Regarding Issue of Evidentiary Hearing has been sent, via electronic mail, to the opposing counsel herein:

Sarah Ottinger
saraho@thejusticecenter.org

Caroline Tillman
carolinet@thejusticecenter.org

Baton Rouge, Louisiana this 30th day of December, 2010.

s/Kathryn Landry
KATHRYN LANDRY