UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE HOFFMAN, #400473** | **CIVIL ACTION NO. 09-3041** |
| **VERSUS** | **SECTION "B"** |
| **BURL CAIN, WARDEN** | **MAGISTRATE (1)** |

## MEMORANDUM IN SUPPORT OF MOTION TO LIMIT EVIDENTIARY HEARING

**MAY IT PLEASE THE COURT**:

Walter P. Reed, District Attorney for St. Tammany Parish, State of Louisiana, files this Memorandum in Support of its Motion to Limit Evidentiary Hearing filed herein.

This Honorable Court issued an Order in this federal habeas action on January 27, 2011 ordering that a hearing be held on June 23, 2011, which will include a hearing on the exhaustion issue as well as an evidentiary hearing on all underlying issues, if necessary. The Court further ordered that the parties file witness and exhibit lists no later than May 20, 2011. The United States Supreme Court issued an opinion this week in the case of Cullen v. Pinholster, docket no. 09-1088, 2011 U.S. Lexis 2616 (April 4, 2011), which the State submits places a limitation on any evidentiary hearing to be held herein. As a result, the State moves herein for an Order from this Court limiting the hearing on June 23, 2011 to

argument only and limiting its review to the record before the state court that adjudicated the claims herein. The State asserts that no new evidence should be submitted in this Court, and this Court should strike its previous Order requesting witness and exhibit lists.

In Pinholster, *supra*, the Court granted certiorari to consider, in part, whether federal habeas review permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court. The Court determined that it does not, and federal habeas courts are limited to the record that was before the state court. The applicable provisions reviewed by the Court, 28 U.S.C. 2254(d) and (e) provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Court noted that §2254(d) provides a "difficult to meet" and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt", and the petitioner carries the burden of proof. Pinholster, *supra*, slip op. at p. 9. Section 2254(d) applies even where there has been a summary denial by the state court. *Id*, slip op. at p. 15. The Court held that review by a federal habeas court is limited to the record that was before the state court that adjudicated the claim on the merits. Noting that §2254(b) requires petitioners to ordinarily exhaust state remedies before filing for federal habeas relief, the Court held it would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*. *Id*, slip op. at p. 9-10.

Moreover, the Court held that, at a minimum, §2254(e) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court. Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage

them from doing so. Provisions like §§2254(d) and (e) ensure that federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in federal proceedings. *Id*, slip op. at p. 13-14, *citing* Harrington v. Richter, 562 U.S. –  (2010) (slip op. at 13).

The State submits that both sides were able to fully develop and present evidence on all claims at issue herein, except Claims II and III, which are the two claims that the State has argued remain unexhausted as a result of the filing of these claims after the evidentiary hearing and after the trial court had taken the other claims under advisement. There is certainly no basis for an evidentiary hearing on the claims for which evidence was developed and presented to the state court, Claims I and IV through XX, and the State submits that an evidentiary hearing on such claims is now barred by Pinholster, *supra*. The State has previously argued in a separate filing that this action should be stayed to allow petitioner to proceed with the two unexhausted claims in state court. However, in the event this Court deems these two claims to be exhausted, the State submits that petitioner is not entitled to an evidentiary hearing herein on Claims II and III.

The State has asserted that Claims II and III remain unexhausted, and therefore, as a mixed petition, this action should be stayed while petitioner returns to state court to exhaust these two claims, which will provide petitioner with the opportunity to submit any evidence supporting his claims, and the State will have the opportunity to submit any controverting evidence. However, if these claims are deemed exhausted, the State asserts petitioner is not entitled to submit evidence for the first time for *de novo* review by this Court. If the claims

are found to be exhausted, the summary denial of such claims remains subject to §2254(d), and this Court must then determine whether petitioner has met the "high threshold" of proving there was no reasonable basis for the state court's ruling. Pinholster, *supra*, slip op. at p. 15-16. Such a determination must be made on the record that the state court had before it, not upon new evidence to be submitted herein, pursuant to the instruction of the United States Supreme Court in Pinholster.

With regard to Claims II and III, the State has previously asserted that the request for evidentiary hearing must be evaluated under the provisions of subsection 2254(e)(2), and as held by the Court in Pinholster, federal habeas courts are still restricted in considering new evidence when deciding claims not adjudicated on the merits in state court, and state prisoners are strongly discouraged from presenting new evidence to a federal habeas court. Where the habeas petitioner has failed to develop the factual basis of his claim due to his lack of diligence, he is only entitled to an evidentiary hearing if he can show (1) that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence" *and* (2) the facts underlying the claim are "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2254(e)(2). These exceptions are applicable when the failure to develop the factual basis is a result of the petitioner's lack of diligence. Murphy v. Johnson, 205 F.3d 809, 815 (5th Cir. 2000). Section 2254(e)(2) imposes a limitation on the

discretion of federal courts to take new evidence in an evidentiary hearing, which carries out "AEDPA's goal of promoting comity, finality, and federalism by giving state courts the first opportunity to review [a] claim, and to correct any constitutional violation in the first instance". Pinholster, *supra*, slip op. at p. 13.

The State submits that petitioner is not entitled to an evidentiary hearing on claims II and III herein due to his lack of diligence and because he cannot meet the exceptions required for such a hearing. The state court conducted extensive post conviction proceedings in this action. Depositions and evidentiary hearings were conducted by the state court in an effort to fully address each of petitioner's claims herein. The bulk of the claims were presented in the October 20, 2006 amended petition filed with the state court. However, neither claim II nor claim III asserted herein were presented to the state court in that filing. An evidentiary hearing was held by the state court on January 8, 2007, and at the end of that hearing, there was an extensive discussion regarding the filing of depositions and memoranda, but no mention that any additional claims would be forthcoming. However, several months after the state court had taken the issues pending before it under advisement, on April 17, 2007, petitioner filed an Amendment to Supplemental Petition for Post Conviction Relief and Motion for Evidentiary Hearing. Less than two weeks later, on May 1, 2007, the state district court issued judgment addressing the claims presented to it in the October 20, 2006 petition and the January 8, 2007 hearing. The judgment was silent as to the April 17, 2007 filing and the two new claims asserted therein. However, petitioner never brought the new claims to

the attention of the state court, and it is this lack of diligence that the State submits forecloses any right to an evidentiary hearing herein.

While petitioner has previously argued herein the fault of the state court in failing to address these claims, it was petitioner who failed to take any action to bring the state court's attention to the new claims. In state court, pleadings are not ordinarily directed to the judge unless the mover files an order seeking a hearing date, which places the matter on the court's docket. The fact that petitions, motions or applications are filed does not mean a judge is made aware of the filing. When petitioner filed the Amendment on April 17, 2007 raising these two new claims, although a motion was included requesting a hearing, no order was submitted with the filing, and accordingly, no hearing was scheduled on the court's docket. Petitioner could have submitted an order requesting a hearing with the state court on these new claims or otherwise brought the new claims to the attention of the state court, but failed to do so.

Moreover, with respect to these two claims, the State submits petitioner still does not meet the grounds constituting exceptions sufficient to invoke an evidentiary hearing on these claims. Petitioner must prove that a factual predicate existed for these claims that could not have been previously discovered through the exercise of due diligence *and* the facts underlying the claim are "sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. §2254(e)(2). Petitioner obviously had the factual predicate prior to the time judgment was rendered by the state court, but he failed to bring

Page 7

the claims until shortly before judgment was issued, and despite the fact that the judgment was silent as to these two claims, which indicated the trial court, which was otherwise thorough in addressing the other claims, was never made aware of these new claims. Petitioner is also required to establish by clear and convincing evidence that, but for these errors asserted in claims II and III, no reasonable juror would have found him guilty of first degree murder. The State submits petitioner cannot meet this burden. Petitioner does not dispute that he robbed, kidnaped, raped and killed Molly Elliot. However, he disputes that he had specific intent to kill her, arguing that the gun accidentally discharged during a struggle with Ms. Elliot. The Louisiana Supreme Court addressed the sufficiency of the evidence regarding specific intent, finding as follows:

> The State's case for specific intent rested on forensic evidence concerning the nature of the wound. According to the coroner's forensic examination, the victim was shot from a distance of approximately eighteen to twenty-four inches away. The coroner further testified the location of the fatal wound on the victim's head made it unlikely the defendant and victim were struggling over the gun during the shooting. Instead, the coroner indicated that if the victim had reached for the defendant's wrist, the wound would have appeared in the victim's torso as opposed to her head. The coroner also testified the victim's knees and legs showed superficial abrasions indicating that the victim was on her knees before her death. When asked if a head wound would be likely if the victim was kneeling, the coroner responded affirmatively.
>
> The evidence does not contradict the State's theory of the case. In fact, most cases which have found evidence sufficient to support an inference of specific intent have relied on the proximity of the gunman to the victim: close-range or point-blank. See State v. Lindsey, 543 So. 2d 886, 902-03 (La. 1989); State v. Maxey, 527 So. 2d 551, 555 (La. App. 3d Cir. 1988), *writ denied*, 541 So. 2d 868 (La. 1989) (specific intent inferred when defendant put gun to head of victim and fired); State v. Latchie, 535 So. 2d 541, 542 (La. App. 3d Cir. 1988) (specific intent inferred when defendant shot victim once through windshield, striking the victim in head, and then moved to side of car and shot

four more times into the car). . .  In the instant case, the application shows a rational trier of fact could have believed, on the basis of the coroner's testimony and many circumstances of the offense introduced at trial, that the defendant shot the victim with specific intent to kill her and not believed the shooting was an accident.  State v. Hoffman, 768 So.2d 542 (La. 2000).

As found by the Louisiana Supreme Court, the forensic evidence regarding the gunshot belied defendant's explanation of an accidental discharge of the gun.  Under the facts of this case, the State submits there is no reasonable likelihood that a reasonable juror would not have found petitioner guilty of first degree murder, based upon the alleged evidence of lividity, or lack thereof, in Molly's body.  Petitioner admittedly kidnaped and raped Molly Elliot at gunpoint and shot her at close range.  His argument that the shooting was merely accidental holds no weight and is clearly insufficient to meet his burden to invoke an evidentiary hearing pursuant to §2254(e)(2).

For the foregoing reasons, the State of Louisiana submits that no evidentiary hearing should be held herein.  The hearing to be held herein on June 23, 2011 should be limited to argument only on the issues, this Court should limit its review to the record before the state court that adjudicated the claims herein, and this Court should strike its previous Order for witness and exhibit lists and order that no new evidence should be submitted in this Court.

                Respectfully submitted:

By:   s/Kathryn Landry
        KATHRYN LANDRY, Bar No.  19229
        P. O. Box 82659
        Baton Rouge, LA 70884
        Telephone:  (225) 766-0023
        Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum in Support of Motion to Limit Evidentiary Hearing has been sent, via electronic mail, to the opposing counsel herein:

Sarah Ottinger
saraho@thejusticecenter.org

Caroline Tillman
carolinet@thejusticecenter.org

Baton Rouge, Louisiana this 7th day of April, 2011.

                                              s/Kathryn Landry
                                              KATHRYN LANDRY