# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**JESSIE HOFFMAN, #400473**           **CIVIL ACTION NO.  09-3041**

**VERSUS**                            **SECTION "B"**

**BURL CAIN, WARDEN**                 **MAGISTRATE (1)**

## POST-HEARING BRIEF IN SUPPORT OF MOTION TO LIMIT EVIDENTIARY HEARING

**MAY IT PLEASE THE COURT**:

Walter P. Reed, District Attorney for St. Tammany Parish, State of Louisiana, files this Post-Hearing Brief in Support of its Motion to Limit Evidentiary Hearing filed herein.

The claims at issue herein are claims II, III, VI, VII, IX, XI, XII, XIX and XX. Petitioner has stipulated that the remainder of the claims do not require an evidentiary hearing.

## The *Pinholster* Ruling

In Cullen v. Pinholster, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court". *Id* at 1398.

The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits". *Id* at 1398. §2254(d)(1) applies to claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial." <u>Pinholster</u>, *supra* at 1402. In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision. <u>Pinholster</u>, *supra* at 1402. Accordingly, there should be no dispute that as to claims adjudicated on the merits by the state court herein, review is limited to the record before the state court, and an evidentiary hearing to accept new evidence should not be granted.

The Supreme Court further recognized that not all federal habeas claims fall within the scope of §2254(d)(1), which only applies to claims adjudicated on the merits. However, the Court held that "§2254(e)(2) still restricts the discretion of a federal habeas court to consider new evidence when deciding claims there were not adjudicated on the merits in state court". *Id* at 1401. §2254(e)(2) provides:

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; **or**

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; **and**

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  (Emphasis added.)

Therefore, for claims not adjudicated on the merits, petitioner must meet the requirements of subsection (e)(2) in order to be entitled to an evidentiary hearing in federal court.

"Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Pinholster, *supra* at 1401.  "State courts are the principal forum for asserting constitutional challenges to state convictions".  Pinholster, *supra* at 1401.

As recently as last week, the Fifth Circuit found that a district court erred by conducting an evidentiary hearing in order that the petitioner could fully develop his claim of ineffective assistance of counsel.  Although the Court recognized that such a standard may have been appropriate before Pinholster, now the court was restricted to the record before the state district court in adjudicating the claims under §2254(d)(1).  Pape v. Thaler, (docket no. 11-10008), 2011 U.S. App. Lexis 12708 (5th Cir. 2011).  In Morris v. Thaler, 2011 U.S. App.

Lexis 10111 (5th Cir. 2011), the Court noted the <u>Pinholster</u> ruling in a footnote, stating that the evaluation of the state court ruling had to be made based upon the state court record, but once it was determined that the state court ruling was an unreasonable application of Supreme Court jurisprudence, then an evidentiary hearing could be held to determine whether the claims were true.  Accordingly, even under the <u>Morris</u> ruling[1], this Court must first rule whether the state court ruling either constituted an unreasonable application of clearly established law or was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Only after this Court makes such a determination can it then invoke an evidentiary hearing to determine the truth of such claims.

In summary, pursuant to the foregoing jurisprudence (1) if a claim is one adjudicated on the merits by the state court (whether by summary denial or not), this Court must determine, solely based upon the state court record, whether the state court ruling either constituted an unreasonable application of clearly established law or was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Only if this Court finds that any of the adjudicated claims meet this standard, then, at least under <u>Morris</u>, *supra*, may the Court order an evidentiary hearing to determine the truth of the allegations, but again the hearing can only be granted after the Court has made the requisite finding under subsection (d)(1); or (2) if a claim is one not adjudicated on

---

[1]While the State recognizes the statements of the Fifth Circuit in the footnote in <u>Morris</u> regarding a hearing after a court has determined, based upon the state court record, that the state court ruling was unreasonable, the State reserves the right to contest such a ruling, based upon <u>Pinholster</u>.

the merits, a hearing may only be granted if the Court finds, pursuant to subsection (e)(2), that the claim relies either on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable or a factual predicate that could not have been previously discovered through the exercise of due diligence *and* the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

## Claims XIX (clemency procedures) and XX (lethal injection procedures)

As undersigned counsel argued at the hearing on this motion, these two claims are unexhausted.  Claim XIX herein, which asserts the unconstitutionality of Louisiana clemency procedures, was claim XVII in the state post conviction application, and claim XX herein, which asserts the unconstitutionality of Louisiana lethal injection procedures, was claim XVIII in the state post conviction application.  The Orders issued by the state court in post conviction proceedings on December 2, 2004 and May 1, 2007 clearly state that "the parties agreed and stipulated that the claims raised in Paragraphs XVII, XVIII and XIX are premature and are therefore **dismissed by petitioner**". (Emphasis added).  The State submits that these claims are unexhausted as a result of petitioner's voluntary action in dismissing the claims from the state post conviction proceedings.

Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998) held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice.  Undersigned counsel has agreed, with regard to any claims that

this Court deems unexhausted, to a stay of this proceeding in order to allow petitioner to return to state court and pursue those claims. Accordingly, no prejudice would result to petitioner, and it would foster the purposes of federal habeas review in allowing the state court the first opportunity to determine constitutional challenges to a state court conviction.

In the alternative, these claims should be deemed dismissed because a federal habeas court will not consider the merits of a federal claim when the state courts denied the claim on the basis of a state procedural rule that is adequate to support the decision and independent of the merits of the claim. *See* Dretke v. Haley, 541 U.S. 386, 392 (2004). To determine whether the state courts denied relief based on an adequate and independent state procedural rule, courts look to the last reasoned state court decision to see whether it applied a procedural bar or addressed the merits of the claim. *See* Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (noting that ""where, as here, the last reasoned opinion of the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits""). Certainly, petitioner's voluntary dismissal of these claims constitutes denial based upon an independent and adequate state procedural rule.

In the alternative that the Court agrees with petitioner that these claims were adjudicated on the merits, review is governed by §2254(d), and this Court is limited to the record before the state court in accordance with the holding of Pinholster, *supra*. Only if this Court finds that there was no reasonable basis for the state court's decision, then, at least under Morris, *supra*, may the Court may order an evidentiary hearing to determine the truth

of the allegations, but again the hearing can only be granted after the Court has made the requisite finding under subsection (d)(1). The State submits no evidentiary hearing should be allowed on these claims.

## Claims II (Napue/Brady violations) and III (ineffective assistance of counsel)

As the Court is aware, the State has previously asserted that both of these claims remain unexhausted as a result of petitioner's actions. While undersigned counsel recognizes that the Court indicated during the hearing that it was inclined to find that these two claims were exhausted, the State continues to maintain that the claims are not exhausted. Moreover, there is no prejudice to petitioner in returning to state court to exhaust such claims. Undersigned counsel has previously agreed to a stay of these proceedings, in order that petitioner would not be prejudiced by any time limitations. Petitioner does not dispute that he kidnaped, robbed, raped and killed Molly Elliot, only whether he had the specific intent to kill her. In fact, on p. 5 of his habeas petition filed herein, petitioner argues only "that he should not be sentenced to death, but instead should spend the rest of his life at the Louisiana State Penitentiary". It is the penalty which petitioner contests, not the conviction, and he is not prejudiced by being required to return to state court to exhaust his state court remedies with regard to any unexhausted claims.

As the Court is aware, these two claims were not raised by petitioner until he filed an Amendment to Supplemental Post Conviction Application on April 17, 2007. A hearing had been held on January 8, 2007, and the state trial court took the matter under advisement. However, petitioner clearly had the information necessary to inform the state court of the

claim on January 8, 2007, as the affidavit of Dr. Liuzza was signed on January 5, 2007, prior to the hearing. Despite having knowledge of this claim, there was no mention to the court at the hearing of a forthcoming amendment adding these new claims. While petitioner's counsel has argued that they were strictly limited at that hearing to arguing the issue before the court, the transcript reflects otherwise. In fact, at the end of the hearing, in addition to discussing various post-hearing issues, petitioner's counsel informed the trial court of documents they had gathered through the various subpoenas issued in post conviction proceedings and advised the court they would be filing a motion for scientific testing of the evidence. (January 8, 2007 transcript at p. 70-73). Yet, no mention was made of the other additional claims they would be adding, even though they already had the declaration of an expert that forms the basis of this claim. Instead, they waited more than three months before filing the amendment and did nothing to bring it to the attention of the court. While petitioner's counsel has argued that it is the Clerk's job to bring it to the attention of the court, this matter was already under advisement and post-hearing briefs had already been filed. Moreover, there was no order attached to the motion requiring action by the judge. If no order is attached, the Clerk's office does not forward the pleading to the judge for action, and the matter was never properly before the state trial court. In <u>Succession of Becker</u>, 704 So.2d 825 (La. App. 4 Cir. 1997), the court found that although the appellees had filed motions to traverse the sworn detailed descriptive list and reduce the disposable portion of the estate, no orders were attached to these motions, and as a result, no hearing dates were ever set. The state court concluded that the issues of traversal of the descriptive

list and the reduction of the disposable portion were "not properly before the court". The same is true herein - the Amendment filed on April 17, 2007 was never properly before the court because no order was attached, and therefore, the pleading would not have been forwarded to the judge for action.

Before seeking federal habeas relief, a state prisoner must first exhaust available state court remedies, giving the State the opportunity to correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must *fairly present* his claims in each appropriate court, thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). It appears that the district court ruled on the other claims, without knowledge that new claims had been raised. This case raises the issue of whether the new claims were *fairly* presented to the state court in order to provide the opportunity to rule on those claims. The State submits they were not, under these circumstances.

Moreover, while the claims were raised in the writ application filed with the Louisiana Supreme Court, the jurisdiction of that Court is to review *judgments* of lower courts. *See* La. S.Ct. Rule X, Sec. 5(a). Since these claims were not part of the judgment for which supervisory review was sought, the denial of review by the Louisiana Supreme Court only constituted a denial of review of that judgment, and the State submits there was no effect with respect to the two claims at issue herein, which remain pending in the state district court, since no ruling has been rendered on those claims or on the pleading which raised the claims.

The State submits that the state courts herein have an important interest in adjudicating the claims at issue in this case and should be afforded the fair opportunity to do so. The record reflects that the state court spent much time and effort in addressing petitioner's claims before it, including evidentiary hearings and review of deposition testimony and documentary evidence. It does not appear that the district court would have simply ignored claims that it had knowledge of at the time of its ruling, and therefore, the State submits these claims were not *fairly presented* to the state court. Moreover, as argued above, there is no prejudice to petitioner by returning to state court to exhaust these claims.

However, in the event this Court determines that these claims were exhausted, but not adjudicated on the merits, the State submits that petitioner must meet the burden imposed by §2254(e). This Court is prohibited from holding an evidentiary hearing on these claims unless it finds that the claims rely either on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable (which is inapplicable herein) or a factual predicate that could not have been previously discovered through the exercise of due diligence *and* the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Clearly, petitioner had the factual predicate prior to the adjudication by the state court, so there is no allegation that it could not have been previously discovered through due diligence. For that reason, petitioner is not entitled to an evidentiary hearing. Moreover, petitioner has certainly failed to establish, by clear and convincing evidence, that but for these errors, no reasonable

Page 10

factfinder would have found petitioner guilty of first degree murder.  Petitioner admittedly kidnaped, robbed, raped and killed Molly Elliott.  He only argues that he did not have the specific intent to kill her.  However, under Louisiana law, specific intent to kill can be inferred from the act of pointing and shooting a gun.  State v. Lewis, 16 So. 3d 385 (La. App. 5 Cir. 2009).  The acts of this petitioner went far beyond that act, and petitioner has failed to prove, by clear and convincing evidence, that these errors (even if proven, which the State contests) would establish that no reasonable factfinder would have found petitioner guilty. The Louisiana Supreme Court addressed the sufficiency of the evidence regarding specific intent, finding as follows:

> The State's case for specific intent rested on forensic evidence concerning the nature of the wound. According to the coroner's forensic examination, the victim was shot from a distance of approximately eighteen to twenty-four inches away. The coroner further testified the location of the fatal wound on the victim's head made it unlikely the defendant and victim were struggling over the gun during the shooting. Instead, the coroner indicated that if the victim had reached for the defendant's wrist, the wound would have appeared in the victim's torso as opposed to her head. The coroner also testified the victim's knees and legs showed superficial abrasions indicating that the victim was on her knees before her death. When asked if a head wound would be likely if the victim was kneeling, the coroner responded affirmatively.

> The evidence does not contradict the State's theory of the case. In fact, most cases which have found evidence sufficient to support an inference of specific intent have relied on the proximity of the gunman to the victim: close-range or point-blank. See State v. Lindsey, 543 So. 2d 886, 902-03 (La. 1989); State v. Maxey, 527 So. 2d 551, 555 (La. App. 3d Cir. 1988), *writ denied*, 541 So. 2d 868 (La. 1989) (specific intent inferred when defendant put gun to head of victim and fired); State v. Latchie, 535 So. 2d 541, 542 (La. App. 3d Cir. 1988) (specific intent inferred when defendant shot victim once through windshield, striking the victim in head, and then moved to side of car and shot four more times into the car). . .  In the instant case, the application shows a rational trier of fact could have believed, on the basis of the coroner's

testimony and many circumstances of the offense introduced at trial, that the defendant shot the victim with specific intent to kill her and not believed the shooting was an accident.  <u>State</u> v. <u>Hoffman</u>, 768 So.2d 542 (La. 2000).

As found by the Louisiana Supreme Court, the forensic evidence regarding the gunshot belied defendant's explanation of an accidental discharge of the gun.  Under the facts of this case, the State submits there is no reasonable likelihood that a reasonable juror would not have found petitioner guilty of first degree murder, based upon the alleged evidence of lividity, or lack thereof, in Molly's body.  Petitioner admittedly kidnaped and raped Molly Elliot at gunpoint and shot her at close range.  His argument that the shooting was merely accidental holds no weight and is clearly insufficient to meet his burden to invoke an evidentiary hearing pursuant to §2254(e)(2).  For the foregoing reasons, the State asserts petitioner is not entitled to an evidentiary hearing on these claims.

## Claim VII (Selection of Grand Jury Forepersons)

The State has asserted that this claim was dismissed on the basis of an independent and adequate state procedural rule, and therefore, cannot be adjudicated by a federal habeas court.  The state court's Order of May 1, 2007 specifically referenced, as to some of the claims, the prior hearing held on December 1, 2004 in which the court made findings on some of the claims.[2]  The transcript of that hearing shows that the trial court found that the

---

[2]Although the state court issued one written Order on May 1, 2007 disposing of all claims asserted in the post conviction application (with the exception of the Amendment filed on April 17, 2007, as discussed above in more detail), there was a hearing held on December 1, 2004 in which the court made certain findings as to some of the claims.  However, counsel for Hoffman had requested that the court defer "ruling" on the claims in order that separate writ applications would not have to be taken.  The State had no objection to this procedure, but submits that this Court should look not only to the May 1, 2007 Order, but also to the factual findings made as to

motion to quash filed by Hoffman regarding this grand jury issue was abandoned by Hoffman. The court found it was marked satisfied, which meant the defendant was not going to pursue that motion. In fact, the state court record shows that on January 15, 1998 the state court heard evidence and rendered a ruling on a motion for a change of venue. Following that ruling, the court asked about any other motions, and ruled that all other motions were going to be noted as satisfied and were being disposed of as moot, to which defense counsel agreed. (State court record at p. 48-49 and 1566). As a result of this finding, the trial court held that the claim would not be considered in the post-conviction proceedings. (*See* Transcript of hearing of December 1, 2004, at pp. 24-26).

As argued hereinabove, a federal habeas court will not consider the merits of a federal claim when the state courts denied the claim on the basis of a state procedural rule that is adequate to support the decision and independent of the merits of the claim. <u>Dretke</u> v. <u>Haley</u>, *supra*. To determine whether the state courts denied relief based on an adequate and independent state procedural rule, courts look to the last reasoned state court decision to see whether it applied a procedural bar or addressed the merits of the claim. <u>Ylst</u>, *supra*.

It is clear from a review of the transcript that the state court imposed the procedural bar, as it found that the defendant abandoned this motion prior to trial, and therefore, was procedurally barred from raising it in post-conviction proceedings. The Louisiana Supreme Court denied the writ application without reasons, and therefore, it can be presumed it did

---

some of claims during that December 1, 2004 hearing.

not consider the merits of the claim.  As a result, the State submits that Hoffman is procedurally barred from pursuing this issue herein.

In the event this Court disagrees with the State and finds this claim was adjudicated on the merits, review is governed by §2254(d), and this Court is limited to the record before the state court in accordance with the holding of Pinholster, *supra*. Only if this Court finds that there was no reasonable basis for the state court's decision, then, at least under Morris, *supra*, may the Court order an evidentiary hearing to determine the truth of the allegations, but again the hearing can only be granted after the Court has made the requisite finding under subsection (d)(1).  The State submits no evidentiary hearing should be allowed on this claim.

## Claims VI (Batson claims), IX (Racial Bias of Juror), XI (Crime Scene Visit) and XII (Jury Misconduct)

These four claims were adjudicated on the merits by the state court, but petitioner seeks an evidentiary hearing on each of these claims.

Since these claims were adjudicated on the merits, review is governed by §2254(d), and this Court is limited to the record before the state court in accordance with the holding of Pinholster, *supra*.  Only if this Court finds that there was no reasonable basis for the state court's decision, then, at least under Morris, *supra*, may the Court order an evidentiary hearing to determine the truth of the allegations, but again the hearing can only be granted after the Court has made the requisite finding under subsection (d)(1).  The State submits no evidentiary hearing should be allowed on these claims.

**Conclusion**

For the foregoing reasons, the State of Louisiana submits that no evidentiary hearing should be held herein.

                              Respectfully submitted:

                    By:    s/Kathryn Landry
                           KATHRYN LANDRY, Bar No.  19229
                           P. O. Box 82659
                           Baton Rouge, LA 70884
                           Telephone:  (225) 766-0023
                           Facsimile: (225) 766-7341

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Post-Hearing Memorandum in Support of Motion to Limit Evidentiary Hearing has been has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Sarah Ottinger
saraho@thejusticecenter.org

Caroline Tillman
carolinet@thejusticecenter.org

Baton Rouge, Louisiana this 28th day of June, 2011.

                           s/Kathryn Landry
                           KATHRYN LANDRY