IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

**JESSIE HOFFMAN # 400473**
        Petitioner

NO. 09-3041

v.

SECTION "B"

**BURL CAIN, Warden,**
        Louisiana State Penitentiary,
        Angola, Louisiana,
        Respondent

## MOTION TO ALTER OR AMEND

COMES NOW, Jessie Hoffman, by and through counsel, and respectfully moves this Court, pursuant to Rules 52 and 59(e) of the Civil Rules of Procedure, to alter or amend its March 30, 2012 Judgment denying Mr. Hoffman's Petition for Writ of Habeas Corpus without an evidentiary hearing. In support, Mr. Hoffman submits the attached Memorandum Supporting Motion to Alter or Amend.

### Introduction

On March 30, 2012, this Court issued an Opinion and Judgment denying Mr. Hoffman's Petition for Writ of Habeas Corpus. The Court's action came as a surprise. Based on previous rulings of the Court, *see* Procedural History, *infra,* Petitioner thought the Court would be ordering an evidentiary hearing or at least oral argument on some of Petitioner's claims.

The United States Supreme Court has stated repeatedly that the "qualitative difference" between death and other criminal sanctions enhances the "need for reliability in the determination that death is the appropriate punishment in a specific case." *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). Habeas corpus review plays a critical role in ensuring the

1

reliability of sentences of death.  Careful review helps maintain the integrity of the processes by which the state takes life, which serves society as well as individuals facing death.  *See Gardner v. Florida*, 430 U.S. 349, 358.  This Court has two important tools at its disposal, both geared toward ensuring reliability.  Evidentiary hearings can shed light on the reliability of procedures leading to death.  *Cunningham v. Zant*, 928 F.2d 1006, 1012 (11th Cir. 1991) ("fact-finding procedures aspire to a higher standard of reliability in capital cases").  Independent review of the state court record for fairness and reliability does the same.

Three of the claims in the attached Memorandum present evidence that the jury that sentenced Mr. Hoffman to death never heard—evidence that calls into question the reliability and appropriateness of his sentence of death.  *See* Memorandum, Claims I, II, and III.  The fourth claim, Claim VII, addresses the process through which Mr. Hoffman came to be indicted for first degree murder, and asserts the rights of citizens entitled to equal protection under our Constitution.  Mr. Hoffman respectfully requests that this Court review the claims and alter or amend its Judgment denying relief.

## Independent Review

This Court's review of the record largely adopted the partisan version of the state court record set out in the State's Memorandum in Opposition to Petition for Writ of Habeas Corpus.  Nothing in the AEDPA requires this Court to turn a blind eye to the portions of the state court record that refute the state court's decision and the State's contentions.  To the contrary, when applying § 2254(d), this Court *must* conduct an *independent* review of the state court record to determine whether the state court's decision involved an unreasonable application of clearly established law or unreasonably-found facts in light of the record before it.  Evaluating the state

court decision against only the State's selectively edited version of the record is precisely the abdication of judicial review that the Supreme Court has warned against:

> Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief. A federal court can disagree with a state court's credibility determination and, when guided by AEDPA, conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence.

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("*Miller-El I*") (emphasis added). "The standard is demanding but not insatiable." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) ("*Miller-El II*"). Often, as here, it is the state court's unreasonable view of the record that results in unreasonable factual or legal conclusions, and this Court owes no deference to an unreasonable determination of the facts:

> "[W]hen a state court's adjudication of a habeas claim results in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, this Court is not bound to defer to unreasonably-found facts or to the legal conclusions that flow from them." *Id.* (quotations, citations, and alterations omitted). When a state court unreasonably determines the facts relevant to a claim, "we do not owe the state court's findings deference under AEDPA," and we "apply the pre–AEDPA *de novo* standard of review" to the habeas claim.

*Cooper v. Secretary, Dept. of Corrections*, 646 F.3d 1328, 1353 (11th Cir. 2011) (quoting *Jones v. Walker*, 540 F.3d 1277, 1288 n.5 (11th Cir. 2008)).

This Court's Opinion frequently tracks the State's recitation of the record, which tracks the state court's cursory and unreasonable review of claims. Absent from both the state court decision and the State's discussion of the record are numerous facts that render the state court's factual conclusions unreasonable. When applying § 2254(d), federal courts are instructed to not consider evidence presented for the first time in federal court. The state court, and now this Court, have refused to acknowledge reams of evidence that Mr. Hoffman presented to the state

3

court. This selective approach has resulted in numerous errors that undermine the reliability of Mr. Hoffman's sentence of death.

## Procedural History

Mr. Hoffman filed his Petition for Writ of Habeas Corpus (Petition) on March 10, 2009. Doc. No. 1. On July 23, 2009, the State filed its Answer and Memorandum in Opposition to Application for Habeas Corpus. Doc. Nos. 18, 19. Petitioner filed his Reply to State's Answer and Memorandum in Opposition to Application on October 6, 2009. Doc. No. 27.

In July, 2010, the Court ordered oral argument on the Petition. Doc. No. 31. After several continuances of oral argument for various reasons, oral argument was scheduled on January 13, 2011. Doc. No. 38. At Petitioner's request, Doc. No. 40, this Court held a status conference on December 10, 2010 to discuss the order in which claims would be argued. .

At the December 10, 2010 status conference, the parties and the Court discussed preparation for oral argument. Doc. No. 42. The Minute Entry reflects that the Court ordered the parties to submit additional briefing on exhaustion and ordered the State to submit a report from Dr. MacKenzie, the coroner who testified at Mr. Hoffman's trial, "in response to the coroner investigation report at issue." *Id.*[1] The Court further ordered that any factual evidence on any claims "as well as whether an evidentiary hearing with live testimony will be required on Claim II or any other claim" be submitted by December 30, 2010. *Id.* Both parties submitted memoranda and the report as ordered on the dates ordered. Doc. Nos. 43-47.

On January 7, 2011, Petitioner filed a Motion to Address Claim II of the Habeas Petition and Pretermit Consideration of all Other Habeas Claims Pending Resolution of Claim II. Doc.

---

[1] Petitioner found the coroner investigation report during post-conviction proceedings and contends in Claim II that it was exculpatory, material evidence withheld by the State at trial and its importance to Petitioner's case warrants habeas relief. *See* attached Memorandum.

No. 51.  On January 10, 2011, the State filed an Opposition to Petitioner's Motion to Pretermit. Doc. No. 52.  On January 14, 2011, this Court entered an order continuing oral argument on the Petition and scheduling a telephone conference to reschedule the hearing date, "which will include hearing on the exhaustion issue as well as an evidentiary hearing on the underlying issues if necessary, and to schedule deadlines incident thereto."  Doc. No. 55.  The Court also denied Petitioner's Motion to Address Claim II of the Habeas Petition and Pretermit Consideration of all Other Habeas Claims Pending Resolution of Claim II.  *Id*.

Following the telephone conference, the Court issued the following order on January 27, 2011:

> **IT IS HEREBY ORDERED** that a hearing on Petitioner's Application for Stay of Execution (Rec. Doc. No. 1) will be held on **Thursday, June 23, 2011 at 9:30 a.m.**, which will include hearing on the exhaustion issue as well as an evidentiary hearing on all underlying issues if necessary. Parties shall exchange and file witness and exhibit lists no later than **May 20, 2011.**

Doc. No. 56.

On April 7, 2011, the State filed a Motion to Limit Evidentiary Hearing in the wake of the United States Supreme Court decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011).  Doc. No. 57.  Petitioner responded opposing the State's motion on May 17, 2011.  Doc. No. 65.  On May 9, 2011, based on a joint motion by the State and Petitioner, this Court issued an order continuing the hearing on exhaustion and underlying issues and instead scheduling oral argument on the State's Motion to Limit Evidentiary Hearing.  The order continued:

> A new hearing date for oral argument on Petitioner's *Habeas Petition*, including hearing on the exhaustion issue as well as evidentiary hearing on all underlying issues, if necessary, and deadline for the exchange of witness and exhibits lists will be selected thereafter. No later than **June 17, 2011**, parties' counsel shall propose pertinent production/exchange deadlines and evidentiary and non-evidentiary hearing dates on all issues. This will allow advance preparation for whatever selections become necessary after the noted June 23rd hearing.

Doc. No. 66.

This Court heard oral argument on the State's Motion to Limit Evidentiary Hearing on June 23, 2011. Doc. No. 68. Parties submitted available dates in the fall for oral argument or evidentiary hearings following that Court's ruling on the *Motion to Limit Evidentiary Hearing*.

On March 30, 2012, this Court issued its Opinion and Judgment denying the Petition for Writ of Habeas Corpus without ever conducting an evidentiary hearing. Doc. Nos. 70, 71.

Petitioner now timely files this Motion to Alter or Amend and Memorandum Supporting Motion to Alter and Amend.

### Reopening Judgment Pursuant to Rule 59(e)

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment may be filed within 28 days after entry of the judgment. While the rule itself does not specify, there are four basic grounds for granting a Rule 59(e) motion: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 (2nd ed.1995). As set out fully in the attached Memorandum, the Court's Opinion and Judgment denying Mr. Hoffman's Petition for Writ of Habeas Corpus contains manifest errors of law and fact upon which the judgment was based that, if corrected, will compel an evidentiary hearing and/or habeas relief.

**Conclusion**

WHEREFORE, for all of the foregoing reasons herein and in the attached memorandum of law and facts in support, as well as for all the reasons set forth in his habeas petition and reply to the state's response, Mr. Hoffman respectfully requests that the Court alter and amend its judgment by:

(1) holding oral argument and hearing on this motion;

(2) ordering an evidentiary hearing as requested in the attached Memorandum; and

(3) granting such further relief to which he is entitled.

.

Respectfully submitted,

/s Sarah Ottinger
Sarah Ottinger, La. Bar No. 24589
Caroline Tillman, La. Bar No. 31411
Capital Appeals Project
636 Baronne Street
New Orleans, LA 70113
(504) 529-5955

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion has been served via electronic notification from the clerk of court for delivery upon Respondent through Assistant District Attorney, Kathryn Landry, P.O. Box 82659, Baton Rouge, LA 70884 and the Office of the Attorney General, 1885 North 3rd Street, Baton Rouge, LA 70802 on this 27th day of April, 2012.

/s Sarah Ottinger
Sarah Ottinger