UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JESSIE HOFFMAN, | * | CIVIL ACTION |
| PETITIONER | * | |
| | * | |
| VERSUS | * | NO. 09-cv-3041 |
| | * | |
| DARRYL VANNOY, | * | SECTION "B" (1) |
| RESPONDENT | * | |

**OPPOSITION TO MOTION FOR STAY OF EXECUTION AND
MOTION TO RE-OPEN HABEAS CORPUS PROCEEDINGS**

MAY IT PLEASE THE COURT:

The State of Louisiana respectfully submits this opposition to Jessie Hoffman's 11th hour motion for stay of execution. Hoffman asks the Court to stay his execution pursuant to 28 U.S.C. § 2251. *Rec. Doc. 106*. That statute, by its plain language, applies only when a habeas corpus proceeding is "pending." This proceeding ceased to be pending more than a decade ago. See Rec. Docs. 70-71, 85, 88-90; *Hoffman v. Cain*, 752 F.3d 430 (5th Cir. 2014), *reh'g denied*, 763 F.3d 403 (5th Cir. 2014), *cert. denied, cert. denied*, 574 U.S. 1122 (2015).

The defendant has moved to reopen the judgment pursuant to Rule 60(b)(6) in order to cause the petition to be pending once again. *Rec. Doc. 107*. In doing so,

the defendant seeks to relitigate "this Court's previous order denying Mr. Hoffman an evidentiary hearing on his claim that one or more jurors voted to impose his death sentence on the basis of racial bias." *Rec. Doc. 107-1*, pg. 1. He also claims that several decisions of the United States Supreme Court were "unreasonably applied by the Louisiana Supreme Court's decision in *State v. Hoffman*, 326 So.3d 232, 238 (La. 2021)." *Id.*

## SUMMARY OF THE ARGUMENT

1.  Hoffman's Rule 60(b) is in reality a successive habeas petition because it seeks to re-litigate the merits of a claim that was resolved on the merits. See Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005).

2.  For purposes of the federal habeas corpus statute, the court looks to the state of the law "at the time the state conviction became final."[1] In this case, the defendant's conviction and sentence became final on <u>October 16, 2000</u>.[2] He asks the Court to re-open the habeas proceedings with an eye towards applying the new rule announced in *Pena-Rodriguez v. Colorado*, 580 U.S. 206 (2017). But the United States Supreme Court has squarely held that new rules of criminal procedure do not apply retroactively.[3] Because *Pena-Rodriguez* announced a new rule, and because new rules of criminal procedure do not apply retroactively, the rule of *Pena-Rodriguez* cannot authorize relief from a final judgment under FRCP Rule 60(b)(6), much less a stay of execution.

3.  A Rule 60 motion, no matter its basis, must be filed "within a

---

1  Williams v. Taylor, 529 U.S. 362, 381 (2000).

2  28 U.S.C. § 2244(d)(1)(A); *State v. Hoffman*, 768 So.2d 542 (La. 2000), cert. denied, 531 US 946 (2000).

3  Edwards v. Vannoy, 593 U.S. 255 (2021).

reasonable time." Hoffman's motion was filed in 2025 and is based upon a decision from 2017. It was not filed within a reasonable time.

4. A stay of execution is an equitable remedy. Here, the balance of equities do not favor the defendant, who is sowing chaos to find any "judge willing to stop" the execution. *Seeking to stop execution, Jessie Hoffman's lawyers file flurry of last-minute challenges*, t.ly/lSpeJ (Mar. 17, 2025).

For all these reasons, the Court should DENY the motion to stay execution and the motion to re-open the habeas proceedings.

## PERTINENT FACTS AND PROCEDURAL HISTORY

1. Hoffman's conviction and sentence became final by the conclusion of direct review after the Louisiana Supreme Court affirmed the defendant's conviction and sentence on April 11, 2000, and the United States Supreme Court denied certiorari on October 16, 2000. *State v. Hoffman*, 768 So.2d 542 (La. 2000), cert. denied, 531 US 946 (2000).

2. Hoffman then litigated a state application for post-conviction relief. It remained pending from July 20, 2001 until December 12, 2008. *See Hoffman v. Cain*, 752 F.3d 430, 436 & n. 20 (5th Cir. 2014), citing *State v. Hoffman*, 997 So.2d 554 (La. 2008).

3. After that, Hoffman litigated a federal habeas corpus petition (the instant case). That petition was filed March 10, 2009 (Rec. Doc. 1), and denied by this Court on March 30, 2012 (Rec. Docs. 70-71). Ultimately, the Fifth Circuit affirmed, and the United States Supreme Court denied certiorari review. *Hoffman v. Cain*, 752 F.3d 430 (5th Cir. 2014), cert. denied, 135 S. Ct. 1160 (2015).

4. In 2017, the United States Supreme Court issued its decision in *Pena-

*Rodriguez v. Colorado*, 580 U.S. 206 (2017), holding for the first time that "where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule give way in order to permit the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee." *Id*. at 225. The Court explained:

> Not every offhand comment indicating racial bias or hostility will justify setting aside the no-impeachment bar to allow further judicial inquiry. For the inquiry to proceed, there must be a showing that one or more jurors made statements exhibiting overt racial bias that cast serious doubt on the fairness and impartiality of the jury's deliberations and resulting verdict. To qualify, the statement must tend to show that racial animus was a significant motivating factor in the juror's vote to convict. Whether that threshold showing has been satisfied is a matter committed to the substantial discretion of the trial court in light of all the circumstances, including the content and timing of the alleged statements and the reliability of the proffered evidence.

580 U.S. at 226.

    5.    Hoffman filed a second application for post-conviction relief in state district court on February 22, 2019. He alleged that the application was not *impermissibly* successive because the *Pena-Rodriguez* claim was "new or different" from the "juror bias" claim he raised in his first application for post-conviction relief, and the Louisiana Supreme Court agreed. *State v. Hoffman*,326 So.3d 232326 So.3d 232, 237-238 (La. 2021). The Louisiana Supreme Court nevertheless held that Hoffman was not entitled to relief: "Hoffman has not met the showing required by *Pena-Rodriguez* to pierce Louisiana's no-impeachment rule." *Id*. at 238. Particularly, the Louisiana Supreme Court reasoned:

> In *Pena-Rodriguez,* the Court described the requisite showing in

> a number of different ways: a juror has made "a clear statement that indicates he or she relied on racial stereotypes or animus to convict," "that one or more jurors made statements exhibiting overt racial bias that cast serious doubt on the fairness and impartiality of the jury's deliberations and resulting verdict," and, finally, "the statement must tend to show that racial animus was a significant motivating factor in the juror's vote to convict." 326 So.3d at 328.
>
> In this case, the juror statements suggest they held beliefs that may have rested on racial stereotypes. However, the statements by Hoffman's jurors are not nearly as "egregious and unmistakable" as those presented in *Pena-Rodriguez*. While the Supreme Court did not state that the showing made in *Pena-Rodriguez* was the minimal showing of racial bias required to pierce the no-impeachment rule, it did state that the showing must indicate that racial bias was relied upon to convict, or, as in this case, impose a death sentence. We find that the evidence presented by Hoffman does not amount to "a clear statement that indicates [a juror] relied on racial stereotypes or animus to convict," nor does it prove that "racial animus was a significant motivating factor in the juror's vote" for the death sentence.
>
> Accordingly, we conclude that the district court did not err in finding the claim meritless, and the claim warrants no further attention.

326 So.3d at 238.

Hoffman sought review of this decision from the U.S. Supreme Court; certiorari was denied on June 21, 2022. *Hoffman v. Louisiana*, 142 S. Ct. 2841.

6.  On February 12, 2025, the state district court signed a warrant commanding that Hoffman's death sentence be carried out on March 18, 2025.

7.  On March 17, 2025, Hoffman filed the instant *Motion for Stay of Execution* (Rec. Doc. 116) and *Motion to Reopen the Judgment* (Rec. Doc. 117).

8.  Also on March 17, 2025, Hoffman filed motions for stay in the 22nd Judicial District Court and the 19th Judicial District Court as part of a last-ditch effort to prevent his execution. *See Friedmann*, "Seeking to stop execution, Jessie

Hoffman's lawyers file flurry of last-minute challenges" ().

## LAW AND ARGUMENT

### 1.

"In the habeas context, a district court presented with a Rule 60(b) motion must first determine whether it is a motion properly brought under the Federal Rules of Civil Procedure, or a successive habeas petition, which the court lacks jurisdiction to consider under 28 U.S.C. § 2244. *Lay v. McCain*, No. 19-9803, 2025 WL 744148, at *2 (E.D. La. Mar. 7, 2025) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). A proper Rule 60(b) motion challenges "some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. But no matter its label, a motion is is a successive habeas petition when it seeks "to add a new ground for relief," or attacks "the federal court's previous resolution of claim on the merits." *Id.*

Here, Hoffman seeks an evidentiary hearing because he hopes to discover additional facts which might aid him in attacking the federal court's previous resolution of claim on the merits. It is, at bottom, a successive habeas petition.

### 2.

Under 28 U.S.C. § 2254(d), an application for habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

The "clearly established Federal law" that matters is the law in effect at the time the state conviction became final: it "requires federal habeas courts to deny relief that is contingent upon a rule of law *not* clearly established at the time the

state conviction became final." *Williams v. Taylor*, 529 U.S. 362, 380 (2000).

The defendant's conviction became final on October 16, 2000. The rule of law announced in *Pena-Rodriguez v. Colorado*, 580 U.S. 206 (2017), was not clearly established at that time. It only became clearly established when it was announced in 2017. *See Tharpe v. Warden*, 898 F.3d 1342, 1345 (11th Cir. 2018); *Richardson v. Kornegay*, 3 F.4th 687, 703 (4th Cir. 2021).

There was once a time when it was thought that new, constitutionally-compelled rules of criminal procedure would be made retroactively applicable. *See Teague v. Lane*, 489 U.S. 288 (1989). But since then, the Supreme Court has squarely held that "[n]ew procedural rules do not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 593 U.S. 255, 272 (2021).

Under 28 U.S.C. § 2254(d), the Court would not be authorized to grant habeas corpus relief to Hoffman <u>even</u> <u>if</u> *Pena-Rodriguez* were shown to be applicable to his case because his conviction became final in 2000, and *Pena-Rodriguez* was decided in 2017, and new procedural rules do not apply retroactively on federal collateral review. There is therefore no reason to stay the proceedings or to re-open the judgment because Hoffman is conclusively not entitled to the relief he seeks.

3.

"A motion under Rule 60(b) must be made within a reasonable time." FRCP Rule 60(c). Seven years after the decision that the petitioner seeks to rely upon— and one day before his scheduled execution— is not a reasonable time.

4.

Hoffman states that in a capital case he "need not always show a probability of success on the merits, he must present a substantial case on the merits when a

serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." Rec. Doc. 106-1, pg. 6 (citing *White v. Collins*, 959 F.3d 1319, 1322 (5th Cir. 1992)).

The cited case, *White v. Collins*, did indeed say that—only after stating the general rule reflecting that the Court must consider "whether the movant has made a showing of likelihood of success on the merits." 959 F.2d at 1322.

The more recent jurisprudence explains that—even in capital cases—"[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Sepulvado v. Jindal*, 729 F.3d 413, 420 (5th Cir. 2013).

Here, Hoffman has <u>zero</u> chance of success on the merits for the reasons explained in § 2, above. His motions are last-ditch effort to through sand in the gears of the sentence that has been waiting for him for more than a quarter century. The balance of equities weigh heavily in favor of *denying* the motion for stay.

CONCLUSION AND PRAYER

For the reasons stated above, the respondent respectfully prays that the Court DENY his *Motion to Stay Execution* and *Motion to Reopen the Judgment*.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Louisiana using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com