UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE HOFFMAN,** * | | **CIVIL ACTION** |
|     **PETITIONER** * | | |
| * | | |
| **VERSUS** * | | **NO. 09-cv-3041** |
| * | | |
| **DARRYL VANNOY,** * | | **SECTION "B" (1)** |
|     **RESPONDENT** * | | |

**SUPPLEMENTAL OPPOSITION TO MOTION FOR STAY OF EXECUTION AND MOTION TO RE-OPEN HABEAS CORPUS PROCEEDINGS**

MAY IT PLEASE THE COURT:

The respondent respectfully submits additional argument why the defendant's Motion for Stay of Execution (*Rec. Doc. 106)* and Motion to Re-Open the Judgment (*Rec. Doc. 107*) should be denied.

I.

Hoffman alleges a "defect in the integrity in the federal habeas proceeding" based on the Court's "previous order denying Mr. Hoffman an evidentiary hearing on his claim that one or more jurors voted to impose his death sentence on the basis of racial bias. *Rec. Doc. 107*, pg. 1; *see Rec. Doc. 1-2*, pp. 65-81 (Claim IX of federal habeas corpus petition). He asks the Court to "to reopen [his] habeas proceedings to

allow him to prove this claim."

Hoffman's Claim IX was adjudicated on the merits by the state courts. *See Hoffman v. Cain*, 752 F.3d 430, 450 (5th Cir. 2014) (observing that "[t]he state court adjudicated this claim on the merits and denied it.").

Because the state court adjudicated the claim on the merits, under AEDPA, this Court cannot grant relief "unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

An evidentiary hearing is not appropriate for developing Hoffman's claim under Paragraph (d)(2) of § 2254: such a claim is based on "the evidence presented in the State court proceeding."

An evidentiary hearing is also not appropriate for developing Hoffman's claim under Paragraph (d)(1) of § 2254: the United States Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

That is, when AEPDA deference applies, "the petitioner must demonstrate that habeas relief is warranted under § 2254(d) *on the state court record alone.*" *Broadnax v. Lumpkin*, 987 F.3d 400, 406-407 (5th Cir. 2021) (emphasis in original).

Hoffman's request for an evidentiary hearing cannot be granted by this Court for the purpose of developing his habeas Claim IX because—as a matter of law— review under § 2254(d) must proceed "on the state court record alone."

## II.

Hoffman also identifies the state court judgment at issue which unreasonably applied clearly established federal law as "*State v. Hoffman*, 2020-00137 (La. 10/19/21), 326 So.3d 232, 238 (La. 2021)." *See Rec. Doc. 106-1*, pg. 5; *Rec. Doc. 107*, pg. 1; *Rec. Doc. 107-1*, pg. 1.

A review of that decision shows that it arises from a February 22, 2019 second application for post-conviction relief. *Hoffman*, 326 So.3d at 235-236.

The United States Court of Appeal for the Fifth Circuit has adopted the "no state habeas infirmities" rule. *Kinsel v. Cain*, 647 F.3d 265, 273 & n. 32 (5th Cir. 2011). Under that rule, "errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." *Id.*, quoting *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995).

Hoffman's claim that the Louisiana Supreme Court erred in its collateral review of his conviction does not, as a matter of law, warrant habeas relief.

## III.

As for the stay of execution—the United States Supreme Court has explained:

> A court considering a stay must also apply "a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson [v. Campbell*, 541 U.S. 637 (2004)], at 650. *See also Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam) (noting that the "last-minute nature of an application" or an applicant's "attempt at manipulation" of the judicial process may be grounds for denial of a stay).

*Hill v. McDonough,* 547 U.S. 573. 584 (2006). *See also Dunn v. Ray*, 586 U.S. 1138

(2019) (the petitioner's execution was scheduled for February 7, 2019; the Supreme Court vacated the stay of execution because he "waited until January 28, 2019 to seek relief").

Hoffman was sentenced to death in 1998. His claim is based upon a legal rule adopted in 2017, *see Pena-Rodriguez v. Colorado*, 580 U.S. 206 (2017), and on facts known to Hoffman' in 2003, *see Rec. Doc. 107-3* (Affidavit, ¶ 2). This claim could have been brought at any time after the *Pena-Rodriguez* case was handed down. The fact that Hoffman waited until *one day* before his scheduled execution suggests an attempt at manipulation of the judicial process which alone warrants the denial of the stay. *Cf. Dunn v. Ray, supra.*

* * *

For the additional reasons stated above, the respondent respectfully prays that the Court DENY his *Motion to Stay Execution* and *Motion to Reopen the Judgment*.

    Respectfully Submitted,

    /s/ Matthew Caplan
    Matthew Caplan, #31650
    Assistant District Attorney
    22nd Judicial District
    701 N. Columbia Street
    Covington, Louisiana 70433
    Tel: (985) 809-8398
    Email: mcaplan@22da.com

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on <u>March 17, 2025</u>, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Louisiana using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                <u>/s/ Matthew Caplan</u>
                Matthew Caplan, #31650
                Assistant District Attorney
                22nd Judicial District
                701 N. Columbia Street
                Covington, Louisiana 70433
                Tel: (985) 809-8398
                Email: mcaplan@22da.com