UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSIE HOFFMAN,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | |
| **VERSUS** | * | **NO. 09-cv-3041** |
| | * | |
| **DARRYL VANNOY,** | * | **SECTION "B" (1)** |
| **RESPONDENT** | * | |

**POST-HEARING MEMORANDUM**

MAY IT PLEASE THE COURT:

### I.

Hoffman argues that his jury bias claim was not "adjudicated on the merits" by the state court in his initial state post-conviction proceedings. *Rec. Doc. 111*, pg. 5. This is not correct. As previously noted, the U.S. Court of Appeals for the Fifth Circuit found that the claim was adjudicated on the merits. *Hoffman v. Cain*, 752 F.3d 430, 450 (5th Cir. 2014)

Hoffman attempts to find support for his argument in *State v. Hoffman*, 20-0137 (La. 10/19/21), 326 So.3d 232. In that case, the Louisiana Supreme Court explained that the petitioner presented his claim to the state district court and the claim was "summarily dismissed." *Id*. at 235.

The respondent has attached as <u>Exhibit 1</u> a copy of the May 1, 2007 denying the petitioner's post-conviction claims. The summary dismissal by the state district court occurred using these words:

> After considering the record of this matter, the law and arguments of counsel, the Court finds that [all the petitioner's claims other than one identified as Claim IV*] are without merit and the Court hereby denies relief as to those claims.

<u>Exhibit 1</u>, pg. 1.

The Fifth Circuit properly held that Hoffman's claim was in fact adjudicated on the merits by the state district court because the state district court expressly found the claim to be "without merit." And that is, of course, binding on this Court.

## II.

Because this claim was adjudicated on the merits, "the petitioner must demonstrate that habeas relief is warranted under § 2254(d) *on the state court record alone.*" *Broadnax v. Lumpkin*, 987 F.3d 400, 406-407 (5th Cir. 2021) (emphasis in original).

This prohibits the Court from looking beyond the state court record, which leads back to Ms. Lower's affidavit. Thus even if this Court is inclined to reopen the case and stay the execution, it cannot hold an evidentiary hearing to gather new evidence beyond that affidavit that would satisfy *Pena-Rodriguez v. Colorado*. And since all courts to have reviewed that affidavit have found no problems, reopening the case and staying the execution would all be for naught.

---

\*   Claim IV was the claim of ineffective assistance of counsel at the penalty phase.

### III.

Finally, the petitioner's extreme delay is inexcusable. Petitioner asks this Court to reconsider its denial of habeas relief on the basis of juror bias in light of a 2017 Supreme Court decision: *Pena-Rodriguez v. Colorado*, 580 U.S. 206 (2017). That gave him eight years to seek Rule 60(b)(6) relief and also to gather additional evidence of juror bias. Four years ago, in 2021, the Louisiana Supreme Court reviewed the juror bias claim on the merits. *Hoffman, supra*, 326 So.3d 232. He thus had at least four years to seek the Rule 60(b)(6) relief he now asks this Court to grant. Yet he waited until *the day before* his scheduled execution to file that motion and seek a stay of execution. And he still does not have any evidence beyond the original affidavit from a single juror that was reviewed by the Louisiana Supreme Court, this Court, the Fifth Circuit. It has been over 20 years since his criminal trial. If additional evidence of juror bias exists, surely he would have found it by now.

In response, Petitioner points to a more recent case—*Andrew v. White*, 145 S. Ct. 75 (2025)—and says that case is the change in decisional law which prompted his Rule 60(b)(6) motion. Even so, Andrew was decided on January 21, 2025, exactly eight weeks ago. *Id*. Petitioner's tactical decision to sit on his hands for two months and then rush to court the day before his execution to ask the Court for a trifecta of extraordinary actions—(a) reopen this case, (b) stay his execution, and (c) hold an evidentiary hearing to find the evidence he hasn't otherwise been able to find—is inexcusable. As Petitioner's counsel said over and again at today's hearing, Rule 60(b)(6) provides "broad equitable relief," and Petitioner's extreme delay in this case indisputably weighs against his request for relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

<u>ERTIFICATE OF SERVICE</u>

I hereby certify that on <u>March 18, 2025</u>, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Louisiana using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com