| | |
|---|---|
| STATE EX REL.<br>JESSIE D. HOFFMAN,<br>Petitioner | NUMBER: 265637 |
| | 22ND JUDICIAL DISTRICT COURT |
| VERSUS | |
| BURL CAIN, Warden,<br>Louisiana State Penitentiary,<br>Angola, Louisiana<br>Respondent | PARISH OF ST. TAMMANY<br><br>STATE OF LOUISIANA |

FILED: May 1, 2007

DEPUTY CLERK

## ORDER

This matter came before the Court on January 8, 2007 on an evidentiary hearing as to Claim IV of the Supplemental Petition for Post-Conviction Relief filed by petitioner on December 10, 2003. On December 1, 2004 petitioner held an initial hearing and ruled that no evidentiary hearing would be held on the claims set forth in Paragraphs I, II, II, VI, V, VII, VIII, X, XI, XII, XIII, XIV, XV, XVI, XX, XXI and XXII and that those issues would be submitted on the record and briefs. Further, the parties agreed and stipulated that the claims raised in Paragraphs XVII, XVIII and XIX are premature and are therefore dismissed by petitioner. The Court found that the claim set forth in Paragraph IX is also premature and dismissed that claim.

After considering the record of this matter, the law and arguments of counsel, the Court finds that the claims set forth in Paragraphs I, II, II, VI, V, VII, VIII, X, XI, XII, XIII, XIV, XV, XVI, XX, XXI and XXII are without merit and the Court hereby denies relief as to those claims.

In Paragraph IV, petitioner claims that he had ineffective assistance of counsel at the penalty phase of his trial in that his trial counsel failed to investigate and present evidence that would have mitigated his sentence of death. Specifically, he argues that trial counsel should have done a psycho-social evaluation with a mitigation specialist and that those findings should have been presented at the penalty phase.

Prior to trial, the Court appointed two experts to examine the defendant for purposes of determining his mental status. Dr. John Paul Pratt, a forensic psychiatrist, and Dr. Raphael Salcedo, a psychologist, each examined the defendant and both concluded and reported to the Court that he had no mental defects or psychosis. Further, Dr. Elaine Salzer, a psychologist, was retained by defense counsel. Dr. Salzer performed extensive tests on the defendant and also concluded that he suffered from no psychosis or mental deficiencies.

In connection with the post-conviction proceedings, the defense presen[GOVERNMENT EXHIBIT 1]

experts - psychologists Dr. Reuben Gur and Dr. Frederick Sautter and Dr. Edward Folks, a psychiatrist. Dr. Gur stated that his presumptive diagnoses was schizophrenia of the paranoid type, but he admitted that he was not certain of his diagnosis. Dr. Sautter's diagnosis was that the defendant suffered from post traumatic stress disorder and that he met the DSM-IV criteria for psychotic disorder not otherwise specified. Dr. Foulks also testified that the defendant exhibited psychotic symptoms and met the criteria for post traumatic stress disorder. Importantly, these defense witnesses interviewed or examined the defendant six to seven years after the trial and the examinations by Drs. Pratt, Salcedo and Salzer. The Court also finds that the opinions of Drs. Gur, Sautter and Folks were based in large part on unsubstantiated hearsay reports of defendant's family members and that much of the hearsay information deals with alleged mental instability of other extended family members and is irrelevant to this particular defendant and this case.

Dr. Dennis Kelly also testified in the post conviction proceedings as an expert in the field of forensic psychiatry. Dr. Kelly did not examine the defendant and his testimony was used only to review the reports and testimony of defendant's mental health experts and relate that to the standard practice in Louisiana at the time of this crime. Dr. Kelly confirmed that the findings made in 2003 and 2005 regarding the defendant could not be extrapolated backwards from either the scans or the clinical interviews and that imaging techniques can not be used to diagnose psychiatric conditions. He also stated that he would not do a thorough investigation of a patient's past unless there were some other evidence of mental illness which would lead him in that direction.

Odalys Acosta, a social worker, testified regarding the psycho social history that she conducted for purposes of the post conviction proceedings. Again, most of the information and documents which she relied upon were hearsay and concerned extended family members of the defendant and were not particularly reliable or pertinent to the defendant himself. The defendant's trial attorneys, William Alford and Kevin McNary, also testified concerning their representation of the defendant at trial. Both attorneys are certified in accordance with the state rules to represent persons charged with capital offenses and were so certified at the time of the trial in this matter. The testimony of Mr. Alford and Mr. McNary shows that they interviewed the defendant concerning his social and family history and also interviewed his brother, Marvin Fields, and a former aunt by marriage, Jo Ann Normand. The testimony of the trial attorneys shows that, throughout their representation of the defendant, they had no reason to suspect any mental deficiencies or psychotic condition on his part. To the contrary, the reports of Drs. Pratt, Salcedo and Salzer and the trial

2

attorneys' interaction with the defendant himself led to their reasonable belief that no such conditions were present from the time that the crime was committed through the trial of the matter. Moreover, the attorneys' opinions regarding the defendant's mental condition were substantiated and reinforced by the defendant himself when he specifically denied any negative family or social history during their questioning of him on those issues.

Based on all of the evidence presented in this matter and applying the relevant law, the Court finds that Mr. McNary and Mr. Alford followed the American Bar Association guidelines which were in effect at the time of the trial of this case. Their representation of the defendant was competent and reasonable. The defendant has failed to meet his burden of proof under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and therefore, the relief sought in Paragraph IV of the Supplemental Petition for Post-Conviction Relief is denied.

SIGNED AT COVINGTON, LOUISIANA, this 1st day of May, 2007.

_____
HON. DONALD M. FENDLASON

A TRUE COPY
DY. CLERK 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.

3